IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FRED LEE BRYANT, <br> AIS #00226616, | ) <br> ) <br> ) |
| Petitioner, | ) <br> ) |
| vs. | ) CIV. ACT. NO. 1:18-cv-0363-TFM-N <br> ) |
| DEBORAH TONEY, *Warden, Limestone Correctional Facility, et al.*, | ) <br> ) <br> ) |
| Respondents. | ) |

**MEMORANDUM OPINION AND ORDER**

On August 11, 2021, the Magistrate Judge entered a Report and Recommendation which recommends this petition brought pursuant to 28 U.S.C. § 2254 be dismissed with prejudice and denial of a certificate of appealability.  *See* Doc. 16.  Petitioner timely objected to the recommendation and Respondent timely replied.  *See* Docs. 23, 25.

Petitioner, through counsel, asserts several objections to the recommendation.  The Court will address each in turn.  The Court also notes that any objections not specifically raised are waived and the Court will review for clear error on those matters.

Petitioner argues that "the [Magistrate Judge's] opinion completely ignores . . . the argument made by the Petitioner that he could not have raised the issue that the trial court erred in allowing the witnesses to invoke the Fifth Amendment in front of the jury on direct appeal." Petitioner insists that the Court of Criminal Appeals, on review of the trial court's denial of his Rule 32 petition, improperly denied this claim as waived because it was not raised on direct appeal. This objection fails because Petitioner did not raise this claim in his § 2254 petition. Instead, Petitioner brought a claim via *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed

2d 674 (1984), arguing that his trial counsel was ineffective for failing to object to the trial court permitting witnesses to invoke the Fifth Amendment in the presence of the jury.  The trial court and Court of Criminal Appeals did not hold that the subject ineffective assistance of counsel claim could have been raised on appeal—rather, they held Petitioner's Rule 32 claim that the trial court erred in allowing witnesses to invoke the Fifth Amendment in front of the jury could have been raised on direct appeal.

Petitioner next objects to the Court's application of *Strickland*, arguing that trial counsel's failure to object to witnesses invoking the Fifth Amendment in the presence of the jury is plainly unreasonable.  This objection also fails because Petitioner's argument fails to account for the "double deference" applied to a *Strickland* claim on § 2254 review when it has been addressed on the merits by a state court.  Here, the Rule 32 trial court noted that Petitioner's trial counsel used the witnesses' invocation of the Fifth Amendment in front of the jury as a means to divert blame from her client. The state court noted that this "trial strategy" did not run afoul of *Strickland*. Petitioner failed to identify, and the Court did not find, any caselaw indicating that the state court unreasonably applied clearly established federal law in crediting his trial counsel's diversion of blame strategy.

Finally, Petitioner argues that the Court should at least grant a COA on the issues in the § 2254 petitioner.  The Court disagrees.  Petitioner's objections fail to create debatable issues of law as his objections still fail to overcome the reasoned analysis of the recommendation

Based on the above and for the reasons articulated in the Respondent's reply to objections (Doc. 25), the Petitioner's objections (Doc. 23) are **OVERRULED**.  Therefore, after due and proper consideration of the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the Report and Recommendation of the Magistrate

Judge is **ADOPTED** as the opinion of this Court.  Accordingly, it is **ORDERED** that Fred Lee Bryant's petition (Doc. 5) is **DISMISSED with prejudice**.

Final judgment shall issue separately in accordance with this order and Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 29th day of September, 2021.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE