## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **FRED LEE BRYANT,** | ) | |
| **AIS#00226616** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION: 1:18-cv-363-TFM-N** |
| | ) | |
| **JOSEPH HEADLEY, Warden III,** | ) | |
| **Staton Correctional Facility,[1]** | ) | |
| ***et al.*** | ) | |
| | ) | |
| **Respondents.** | ) | |

## <u>REPORT AND RECOMMENDATION</u>

This case is back before the Court on remand from the Eleventh Circuit Court of Appeals with instructions to address one remaining issue: Is Fred Lee Bryant entitled to federal habeas relief because the state trial court required two witnesses to invoke their Fifth Amendment privilege against self-incrimination in front of the jury? *See Bryant v. Warden*, No. 21-13761, 2022 WL 17974493, at *1 (11th Cir. Dec. 28, 2022).

Following remand, the assigned District Judge referred Bryant's case to the undersigned Magistrate Judge to prepare a report and recommendation addressing

---

[1] The Clerk of Court is **DIRECTED** to terminate Debra Toney as a defendant/respondent in this action and to add Joseph Headley as a defendant/respondent. Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" if the petitioner is currently in state custody. The Alabama Department of Corrections online inmate directory shows that Bryant is currently incarcerated at Staton Correctional Facility, where Joseph Headley is acting as Warden.

Bryant's single remaining claim. *See* S.D. Ala. GenLR 72(b); (ECF No. 36.) After further examining Bryant's claim, relevant parts of the record, and the parties' supplemental briefing, the undersigned concludes that no evidentiary hearing is warranted and recommends Bryant's habeas claim be DISMISSED with prejudice. The undersigned also recommends that Bryant be DENIED a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal.

## I.    *Analysis.*

As a starting point, it is helpful to clarify exactly what issue this Court is tasked with deciding on remand. The "sole issue" — according to Bryant — "is whether the trial court erred by requiring witnesses to invoke the Fifth Amendment privilege in the presence of the jury." (ECF No. 38 at 1.) This statement mischaracterizes the Court's function in this *habeas* proceeding. A district court's role in habeas actions like Bryant's is not to look at whether *any* error occurred in a state court. Rather, we have to examine whether the state court committed an error that gave rise to a *federal* constitutional claim, and whether the state courts resolved that federal claim in a way that "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence…". 28 U.S.C. § 2254(d). In other words, this Court's job on remand is not simply to decide whether the Alabama trial court was wrong to have the two trial witnesses invoke their Fifth Amendment protections in front of the jury (hereafter "the Evidentiary Ruling"). Instead, we must determine (1) whether Bryant fairly presented a *federal claim* to

the Alabama courts based on the Evidentiary Ruling and (2) whether the Alabama courts adjudicated that *federal claim* in a way that was contrary to established federal law or constituted an unreasonable determination of fact. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1992) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Understanding this Court's role in habeas proceedings casts light on a critical issue that warrants summary dismissal of Bryant's final claim for relief. Neither Bryant's habeas petition nor any of his supporting memoranda in this Court state a *federally cognizable claim* arising from the Evidentiary Ruling itself. Instead, Bryant's original and amended memoranda in support of his habeas petition describe the issue this way:

> Bryant's trial counsel, the prosecution, and the trial court appeared to be unaware of the long standing *Alabama* law that "It is improper for the prosecution to call as a witness one it knows will certainly invoke the privilege against testifying as a witness, with the sole purpose of having the jury observe that invocation."

(ECF No. 1 at 17; ECF No. 7 at 2) (emphasis added). In support of this argument, Bryant cites almost exclusively to Alabama state case law (with the one exception being a citation to a chapter of the American Law Reports which is not binding on any court). (ECF No. 1 at 17-18; ECF No. 7 at 2-3.) And while Bryant's argument leaves no doubt that he thinks the Evidentiary Ruling was wrong, he never says it violated the United States constitution or any relevant federal case law, nor does he

allege any discernable federal constitutional injury like violation of his right to due process or his right to confrontation.[2] Put simply, Bryant's pleadings never make a federal claim for relief.

The undersigned acknowledges that when Bryant amended the memorandum supporting his habeas petition, he added a citation to *Douglas v. Alabama*, 380 U.S. 415 (1965), a pre-AEDPA Supreme Court decision which, as discussed later in this report and recommendation, happens to involve a criminal defendant's challenge to the state prosecutor calling witnesses to the stand to invoke their Fifth Amendment rights. However, Bryant only cites to *Douglas* in support of his unrelated argument that the Alabama courts improperly applied a state procedural bar to his state postconviction claims. (ECF No. 7 at 7.) He never applies *Douglas* to the Evidentiary Ruling in his case or argues that *Douglas* itself entitled him to federal habeas relief. It would require extreme speculation on the Court's part to dig into *Douglas*, a case decided more than 50 years ago, and which Bryant cited only for a general rule about procedural default, to surmise that Bryant might have been trying to make a separate constitutional claim. Bryant's haphazard citation to *Douglas* is not enough to satisfy the heightened pleading requirements for habeas petitions. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet heightened pleading requirements."); *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (discussing the "more

---

[2]    Bryant certainly is capable of stating a federal claim when he intends to. His habeas petition and supporting memoranda made distinct federal claims for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), and for insufficient evidence under *Jackson v. Virginia*, 443 U.S. 307 (1979). (ECF No. 1; ECF No. 7.)

demanding" pleading requirements for habeas petitions and noting that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground"); *Smith v. Dunn*, No. 2:15-CV-0384-AKK, 2019 WL 4338349, at *14–15 (N.D. Ala. Sept. 12, 2019), *aff'd sub nom. Smith v. Comm'r, Alabama Dep't of Corr.*, 850 F. App'x 726 (11th Cir. 2021) (quoting *Nail v. Slayton*, 353 F. Supp. 1013, 1019 (W.D. Va. 1972)) ("It is not the duty of federal courts to try to second guess the meanings of statements and intentions of petitioners. Rather the duty is upon the individual who asserts a denial of his constitutional rights to come forth with a statement of sufficient clarity and sufficient supporting facts to enable a court to understand his argument and to render a decision on the matter.")

Bryant's focus on Alabama law, and not federal law, continued even after the undersigned Magistrate Judge released a report and recommendation recommending dismissal of his habeas petition. (ECF No. 23.) In his objection to that recommendation, Bryant still never alleged any federal constitutional harm arising from the Evidentiary Ruling itself. In fact, the closest Bryant has come to stating even a slight federal claim was when he recently suggested it is against "the law in Alabama and every state and federal jurisdiction" for a prosecutor to call witnesses solely to have them invoke the Fifth Amendment, a statement Bryant made without any legal support *after* the Eleventh Circuit identified a possible federal claim and remanded the case to this Court. (ECF No. 38 at 1.) This absence of a federally cognizable issue is fatal to Bryant's current claim for relief based on the Evidentiary Ruling; he simply has not satisfied the heightened pleading standard applicable to

habeas actions. And, although leave to amend is typically given "when justice so requires," such leave is not warranted when amendment would be futile. Fed. R. Civ. P 15(a)(2); *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). Such is the case here. Even if Bryant were permitted to amend his petition, his claim for habeas relief based on the Evidentiary Ruling would fail for the additional reasons set forth below.

### A. Bryant's Evidentiary Ruling claim is procedurally defaulted because (1) the Alabama courts previously dismissed it under a valid state procedural rule and (2) Bryant did not adequately exhaust the claim before the Alabama courts.

Even if Bryant's habeas petition could be construed to state a federally cognizable claim, that claim would still fail under the doctrine of procedural default. There are two ways procedural default can arise. The first is where a habeas petitioner brings a federal claim in state court, and the state court correctly applies a procedural default principle to dismiss that federal claim. *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999) (citing *Atkins v. Singletary*, 965 F.2d 952, 956 (11th Cir. 1992), *cert. denied*, 515 U.S. 1165, 115 S. Ct. 2624, 132 L. Ed. 2d 865 (1995); *Meagher v. Dugger*, 861 F.2d 1242, 1245 (11th Cir. 1988)). The second way procedural default can arise is if a habeas petitioner never fairly presented his federal claim in state court, and that unexhausted claim would now be barred due to a state law procedural rule. *Id.* at 1303 (citing *Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998), *cert. denied*, 525 U.S. 963, 119 S. Ct. 405, 142 L. Ed. 2d 329 (1998) (additional citation omitted)). As explained below, Bryant's Evidentiary Ruling claim suffers from both types of procedural default.

### 1. The Alabama courts already dismissed Bryant's claim on state procedural grounds, and this Court is precluded from reviewing it here.

This Court is precluded from reviewing Bryant's Evidentiary Ruling claim because the Alabama courts already rejected it under a valid Alabama state procedural rule. To explain, before state prisoners like Bryant can come to federal court with their federal claims, those prisoners are expected to seek relief first in state court in accordance with established state procedures. *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001). When they fail to do so, and the state court dismisses a claim on state procedural grounds, a federal habeas court is generally precluded from reviewing that claim. *Id.* (citing *Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir. 1990)). That is what happened in Bryant's case.

Bryant raised the Evidentiary Ruling issue for the first time in his state postconviction proceedings brought pursuant to Alabama Rule of Criminal Procedure 32, a fact he readily admits. (ECF No. 7 at 4) (acknowledging that the only issue raised on direct appeal was insufficiency of the evidence at trial). And when he did raise the issue in those postconviction proceedings, the Rule 32 court and subsequently the Alabama Court of Criminal Appeals (ACCA) ruled that Bryant's Evidentiary Ruling claim was precluded under Alabama Rule of Criminal Procedure 32.2(a)(5) because the issue could have been, but was not, raised on appeal. (ECF No. 12-13 at 103-04; ECF No. 12-17 at 4-5.) The Alabama Supreme Court (ASC) summarily upheld that ruling when it denied Bryant's petition for writ of certiorari

without opinion.[3] (ECF No. 12-21.) The Alabama courts' findings regarding procedural default are entitled to deference from this Court on habeas review. *Ferguson v. Sec'y, Dep't of Corr.*, 580 F.3d 1183, 1193 (11th Cir. 2009).

The fact that the Alabama courts dismissed Bryant's Evidentiary Ruling claim using a state procedural rule is not dispositive though. In order for the Alabama courts' decision to bar this Court from separately reviewing the issue, the Alabama courts' procedural ruling must rest upon "independent and adequate" state law grounds. *Boyd v. Comm'r, Ala. Dep't Corr.*, 697 F.3d 1320, 1335 (11th Cir. 2012) (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)). In this circuit, a three-part test determines whether a state court's procedural ruling was an "independent and adequate" state rule of decision:

> First, the last state court rendering a judgment in the case must clearly and expressly say that it is relying on state procedural rules to resolve the federal claim without reaching the merits of the claim. Second, the state court decision must rest solidly on state law grounds, and may not be "intertwined with an interpretation of federal law." Finally, the state procedural rule must be adequate; i.e., it may not be applied in an arbitrary or unprecedented fashion.

*Id.* at 1335-36 (citing *Card v. Dugger*, 911 F.2d 1494 (11th Cir. 1990)).

Applying this three-part test, the undersigned finds that the Alabama courts' dismissal of Bryant's claim on procedural grounds constitutes an independent and adequate state rule of decision. First, the ACCA "expressly stated" that "Bryant failed

---

[3] Where the last state court to consider a claim summarily dismisses it, the habeas court must "look through" that unexplained decision "to the last related state-court decision that does provide a relevant rationale." *Wilson v. Sellers*, 584 U.S. ---, 138 S. Ct. 1188, 1192, 200 L.Ed.2d 530 (2018).

to raise [the claim] in his direct appeal" and the claim was "precluded under Rule 32.2(a)(5)". (ECF No. 12-17 at 5.) Second, there is no indication the ACCA's application of Ala. R. Crim. P. 32.2(a)(5) is "intertwined with an interpretation of federal law." Third, the application of Ala. R. Crim. P. 32.2(a)(5) in Bryant's appeal does not appear to have been "applied in an arbitrary or unprecedented fashion," as that rule is regularly applied by the ACCA. *See, e.g.*, *T.C.S. v. State*, Case No. CR-2022-1285, 2023 WL 4144561 at *3 (Ala. Crim. App. June 23, 2023) (affirming petitioner's claim was precluded by Ala. R. Crim. P. 32.2(a)(5)); *Williams v. Gordy*, Case No. 6-16-CV-01009-KOB-HNJ, 2018 WL 5602904, at *6 (N.D. Ala. May 25, 2018), *report and recommendation adopted*, No. 6-16-CV-01009-KOB-HNJ, 2018 WL 4579866 (N.D. Ala. Sept. 25, 2018) (collecting cases affirming application of Rule 32.2(a)(5)). Furthermore, the Eleventh Circuit has "squarely held that claims barred under Rule 32.2(a)(3) and (a)(5) are procedurally defaulted from habeas review." *Boyd*, 697 F.3d at 1335 (citations omitted). With all three parts of the test met, the Alabama courts' dismissal of Bryant's Evidentiary Ruling claim on procedural grounds precludes this Court's habeas review.

In an attempt to save his claim from procedural default, Bryant cites to *Williams v. Alabama*, 791 F.3d 1267 (11th Cir. 2015), and argues that the adequacy prong of the "independent and adequate" test is not satisfied because—he says—the Alabama courts *erroneously* dismissed his claim under Alabama Rule of Criminal Procedure 32.2(a)(5). (ECF No. 7 at 6-7; ECF No. 44 at 2.) In Bryant's view, the Alabama courts got it wrong when they said he could have and should have raised

the Evidentiary Ruling issue on direct appeal. Instead, Bryant argues he could <u>not</u> have raised the Evidentiary Ruling issue on direct appeal because his trial counsel never objected to the Evidentiary Ruling at trial.

Bryant's argument is contrary to the record. The record before this Court—in particular, the state court order dismissing Bryant's Rule 32 petition—specifically found that Bryant's counsel objected to the questioning of one of the witnesses, Shanika Thomas, at trial:[4]

> Indeed, during the questioning of Shanika Thomas (who was questioned before Addarryn Todd) Bryant's counsel did interpose an objection to Shanika Thomas being questioned in front of the jury:
>
>> [Defense Counsel]: Your honor, I'm going to object at this point. She's obviously not going to answer any questions, and the implication of asking her questions just to have her plead the Fifth is just trying to get evidence [the State] wants out there in front of the jury; so I don't think the questions are proper at this point. She's established she's not going to testify about anything of material value.

(ECF No. 12-13 at 105.)

This finding supports the Alabama courts' conclusion that the Evidentiary Ruling issue was (1) properly preserved for direct appeal and (2) that Bryant's failure to raise it on direct appeal precluded him from raising it in his postconviction

---

[4] Although this analysis was done in the context of Bryant's ineffective assistance of counsel claim, it applies to the Evidentiary Ruling issue too. The state postconviction court took particular care to clarify that the same analysis applied to both claims. (ECF No. 12-13 at 905, n. 1) ("Although ground number two [the Evidentiary Ruling issue] is precluded under Rule 32(a), the Court substantively addresses the arguments underlying this ground in the discussion of Bryant's claim of ineffective assistance of counsel. So there is no confusion later, the Court specifically finds that this ground, if not precluded, would nevertheless not support a claim for relief under Rule 32.").

proceedings. Furthermore, this finding of fact is entitled to deference, and Bryant has not offered any evidence to contradict it. *See* 28 U.S.C. § 2254(e)(1).

In sum, Bryant's Evidentiary Ruling claim is not properly before this Court on habeas review because it was dismissed by the Alabama state courts under an "independent and adequate" state rule of procedure. The claim should be dismissed.

> **2. Bryant's claim is procedurally defaulted because it was not properly exhausted before the Alabama courts and any attempt to do so now would be futile.**

Bryant's Evidentiary Ruling claim is procedurally defaulted for another reason too: He did not exhaust it in Alabama state court, and he would be procedurally barred from doing so now. Under the exhaustion doctrine, this Court is precluded from reviewing Bryant's claim unless he can show that he gave the Alabama courts "one full opportunity to resolve any constitutional issues by invoking one complete round of [Alabama's] established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Alabama, the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to the Alabama Court of Criminal Appeals, and an application for discretionary review by the Alabama Supreme Court. *See Price v. Warden, Att'y Gen. of Ala.*, 701 F. App'x 748, 749-50 (11th Cir. 2017) (per curiam); Ala. R. App. P. 4, 39, 40. Bryant cannot show that he exhausted the Evidentiary Ruling issue before the Alabama courts.

While the record demonstrates that Bryant challenged the Evidentiary Ruling *in some form* at each step of the Alabama appellate process, simply bringing up the

issue at each court is not enough. Bryant must have "fairly presented" those courts with the *same* claim he presents here. *Green v. Sec'y, Dep't of Corr.*, 28 F.4th 1089, 1128-29 (11th Cir. 2022). If Bryant's claim here is not the same claim he made in the Alabama state courts—both in terms of its legal theory and the facts on which it rests—this Court should treat the claim as unexhausted. *Id.* (citing *Henderson v. Campbell*, 353 F.3d 880, 898 n.25 (11th Cir. 2003); *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004)).

Unfortunately for Bryant, although he did challenge the Evidentiary Ruling at each level of the Alabama state courts, he did not exhaust a <u>federal</u> claim arising from that ruling. To expound, Bryant first challenged the Evidentiary Ruling in his Rule 32 postconviction petition, which the undersigned acknowledges he filed without the benefit of counsel. (ECF No. 12-13 at 22.) By way of a simple check mark on the Alabama standardized Rule 32 petition, Bryant asserted his conviction violated the Constitution of the United States or of the State of Alabama and, as relevant here, circled the option relating to the privilege against self-incrimination. (ECF No. 12-13 at 25-26.) Bryant submitted a brief in support of that form Rule 32 petition, where he argued, as he does here, that the trial court erred in allowing the prosecution to call two witnesses to the stand whom the prosecution knew intended to and did invoke their rights under the Fifth Amendment. (ECF No. 12-13 at 41.) But, although Bryant's standardized petition enumerated the United States Constitution as a potential ground for relief, he never really alleged a violation of federal law. Instead, Bryant cited to several Alabama state cases, a treatise on Alabama Criminal Trial

Practice, and a single chapter of the American Law Reports. (ECF No. 12-13 at 41-42.) He cited to only one federal case, *Dunn v. United States*, 307 F.2d 883, 886 (5th Cir. 1962), a decades-old case from the Fifth Circuit Court of Appeals relating to the inability of corrective jury instructions to cure improper argument by a prosecutor. (ECF No. 12-13 at 44.) Although he casually mentioned the Fifth and Sixth Amendments, he never said whether he was invoking the Alabama Constitution or the United States Constitution.

After the state circuit court denied his Rule 32 petition, Bryant appealed. (ECF No. 12-14.) And this time he was represented by counsel. Once again though, Bryant never said he was seeking relief from the Evidentiary Ruling based on a violation of the United States Constitution. (ECF No. 12-14 at 9-13.) Instead, Bryant cited almost exclusively to Alabama state law, although he did include one state law case from Arizona and one federal case from the Sixth Circuit Court of Appeals from the 1960s that, contrary to Bryant's position, acknowledged there are circumstances where a prosecutor could still question a witness who has invoked the Fifth Amendment. (ECF No. 12-14 at 10) (citing *State v. Corrales*, 138 Ariz. 583 (Ariz. 1983) and *U.S. v. Compton*, 365 F.2d 1 (6th Cir. 1966) and then stating "Alabama courts consistently support the same principle…").

It was not until Bryant applied for rehearing before the Alabama Court of Criminal Appeals that he made a clear *federal* constitutional claim for relief, finally citing to caselaw from the Eleventh Circuit Court of Appeals and the United States Supreme Court. (ECF No. 12-18.) Bryant's application was summarily overruled.

(ECF No. 12-19.) He then made similar arguments in his petition for writ of certiorari before the Alabama Supreme Court, which that court also rejected. (ECF No. 12-20; ECF No. 12-21.)

Said differently, Bryant never presented a federal constitutional claim arising from the Evidentiary Ruling to the Rule 32 court or to the Alabama Court of Criminal Appeals. Instead, he waited until he was before the appellate courts on discretionary review, i.e., at the rehearing stage before the ACCA and the certiorari stage before the ASC, before he raised any federal issue arising from the Evidentiary Ruling. This is fatal under established Supreme Court precedent. The United States Supreme Court has held that the exhaustion requirement is not met "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefor[.]' Raising the claims in such a fashion does not constitute 'fair presentation'." *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (internal citations omitted).

Of course, Bryant did not have to "use magic words or talismanic phrases to present his federal claim to the [Alabama] courts." *Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 457 (11th Cir. 2015). However, it is not enough just that Bryant went through each level of the Alabama courts; "[t]he crux of the exhaustion requirement is simply that the petitioner must have put the state court on notice that he intended to raise a *federal claim*." *Id.* (emphasis added). "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief (or similar document) that does not alert it to the presence

of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Just because Bryant cited to an American Law Report and some Alabama state cases discussing federal law, that does not change the undersigned's analysis. The Alabama courts were not required to dig down into the state law cases Bryant cited to perhaps discover a federal constitutional claim. *Cf. McNair v. Campbell*, 416 F.3d 1291 (11th Cir. 2005) (petitioner's claim was unexhausted where his brief focused on state law and made only two passing references to federal law); *Landers v. Warden, Att'y Gen. of Ala.*, 776 F.3d 1288, 1296-97 (11th Cir. 2015) (petitioner's due process claim was unexhausted where he did not cite to the Constitution or even mention "due process" before the state courts). The fact that Bryant proceeded through the Rule 32 court and the first level of review at the ACCA without ever mentioning federal law suggests he viewed his claim as strictly a state law issue. His claim only took on a federal nature as it progressed through the Alabama appellate process. This is not enough to satisfy the exhaustion requirement.

Bryant's failure to exhaust his habeas claim in the Alabama courts leads back to an issue already addressed above: procedural default. "[F]ederal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile." *Bailey*, 172 F.3d at 1305; *see also Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008) ("A claim is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules."). It

is clear in Bryant's case that any future attempts to exhaust a federal claim arising from the Evidentiary Ruling would be futile under Alabama law because of state law procedural limitations. *See* Ala. R. Crim. P. 32.2(b) (barring successive Rule 32 petitions) and 32.2(c) (setting limitation period for filing a Rule 32 petition). Bryant's failure to exhaust any federal claim before the Alabama courts bars such a claim here.

### 3. Bryant's procedural default cannot be excused by the "cause and prejudice" exception or the "fundamental miscarriage of justice" exception.

Since Bryant's claim is procedurally defaulted, it should be dismissed unless he can show cause for the default and some resulting prejudice, or that he would suffer a fundamental miscarriage of justice through the procedural bar of his claims. *See Mize*, 532 F.3d at 1190. The Eleventh Circuit has given district courts guidance in how to analyze this issue:

> A procedurally defaulted claim can support federal habeas relief in only two narrow situations. First, the petitioner may demonstrate cause and prejudice. Cause exists if there was "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986). Such external impediments include evidence that could not reasonably have been discovered in time to comply with the rule; interference by state officials that made compliance impossible; and ineffective assistance of counsel at a stage where the petitioner had a right to counsel. *Id.* In addition to cause, the petitioner must also show prejudice: that "there is at least a reasonable probability that the result of the proceeding would have been different" had the constitutional violation not occurred. *Henderson v. Campbell,* 353 F.3d 880, 892 (11th Cir. 2003).

> Even without cause and prejudice, the procedural default of a constitutional claim may be excused if enforcing the default would result in a fundamental miscarriage of justice. This exception applies if the

> petitioner can show that, in light of new evidence, it is probable that no reasonable juror would have convicted him. *Schlup v. Delo,* 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed. 2d 808 (1995). By making this showing of actual innocence, the petitioner may overcome the procedural default and obtain federal review of the constitutional claim. *Id.*

*Mize*, 532 F.3d at 1190. At present, the record presents no grounds for excusing the procedural default of Bryant's Evidentiary Ruling claim.

First, Bryant has not established any "cause or prejudice" that would excuse his procedural default. The only colorable argument Bryant has made on this point is that his trial counsel's ineffectiveness was to blame for any procedural default. While there are circumstances where constitutional ineffectiveness of counsel can serve as "cause" to excuse procedural default, this is not one of them. This Court has already rejected Bryant's ineffective counsel claim on the merits. (ECF No. 16 at 1061-63; ECF No. 27).

Second, Bryant has not shown that any miscarriage of justice will occur if his Evidentiary Ruling claim is procedurally defaulted. Although Bryant does claim he is innocent of the crime for which he was convicted, that declaration alone is not enough to qualify him for the "miscarriage of justice" exception to procedural default. (ECF No. 1 at 16.) To successfully invoke this exception, Bryant would have "(1) to present new reliable evidence … that was not presented at trial, and (2) show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt in light of the new evidence." *Rozelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (per curiam) (internal citations and quotations omitted). This is a demanding standard that applies only in extraordinary cases.

*House v. Bell*, 547 U.S. 518, 538 (2006) (citation omitted). Bryant's conclusory allegation that he is innocent and his mere belief that his case would have come out differently but for the trial judge's evidentiary ruling is not enough to invoke the "miscarriage of justice" exception. His claim remains procedurally defaulted.

### B. Bryant's Evidentiary Ruling claim fails on the merits.

In addition to being procedurally defaulted, Bryant's claim also fails on the merits. This is because Bryant cannot show that the Alabama courts' rejection of his Evidentiary Ruling claim was contrary to "clearly established federal law" or was based on an unreasonable determination of facts. 28 U.S.C. § 2254(d)(1)-(2).

The "established federal law" relevant to Bryant's claim comes from *Namet v. United States*, 373 U.S. 179 (1963), and *Douglas v. Alabama*, 380 U.S. 415 (1965). In *Namet*, the Supreme Court identified two scenarios where a prosecutor calling a witness to testify despite knowing the witness will invoke his Fifth Amendment rights *could* result in reversible error. 373 U.S. at 186-87. The first scenario is rooted in the concept of prosecutorial misconduct: A prosecutor may not attempt to unfairly bolster her case using adverse inferences coming from the witness's refusal to testify. *Id.* at 186. The second potentially problematic scenario arises under the Confrontation Clause of the Sixth Amendment and the idea that a defendant might not be able to effectively cross-examine a witness about any adverse inferences that come from the witness's invocation of the testimonial privilege. *Id.* at 187. Despite discussing these potential evidentiary issues, however, the *Namet* court made clear that "[n]o constitutional issues of any kind [were] presented." *Id.* at 185. Accordingly,

*Namet* by itself does not constitute "clearly established federal law" under which Bryant may seek habeas relief. *See also Busby v. Holt*, 781 F.2d 1475 at n. 1 (11th Cir. 1986) (recognizing that *Namet* recognized prosecutorial misconduct and confrontation issues as two potential areas for reversible error but did not establish a federal constitutional issue); *Powell v. Sec'y, Dep't of Corr.*, 131 F. App'x 146, 149 (11th Cir. 2005) (per curiam) (remarking that *Namet* is not "established Federal law" precluding a prosecutor from calling a witness to the stand to exercise her Fifth Amendment privilege). However, two years after *Namet*, the Supreme Court issued its ruling in *Douglas*, seemingly expanding *Namet* and recognizing that there *can* in fact be constitutional implications when a prosecutor calls a witness despite knowing he intends to invoke the Fifth Amendment. 380 U.S. at 415; *Busby*, 781 F.2d 1475 at n. 1 ("The constitutional dimension of the second *Namet* fork was recognized in [*Douglas*].")

The Alabama courts' adjudication of Bryant's claim was not contrary to *Namet*/*Douglas*. Although the Rule 32 court did not cite to *Namet* or *Douglas* specifically, it did rely on *Busby v. State*, 412 So.2d 837 (Ala. Crim. App. 1982), an Alabama state case which applied the legal test from *Namet* and which ultimately was upheld by the Eleventh Circuit Court of Appeals on habeas review. (ECF No. 12-13 at 106); *Busby*, 781 F.2d at 1475. The Rule 32 court found that neither *Namet* concern was present in Bryant's case because (1) it was the trial court, not the prosecutor, who insisted the two witnesses take the stand in front of the jury to invoke their Fifth Amendment privilege (which necessarily negated any suggestion of

prosecutorial misconduct) and (2) the prosecution had not attempted to "build its case out of any adverse inferences" from the two witnesses' invocation of the privilege and any adverse inferences added no critical weight to the prosecution's case against Bryant. (ECF No. 12-13 at 107.) Furthermore, the Rule 32 court found that Bryant had suffered no prejudice from the Evidentiary Ruling. (ECF No. 12-13 at 106). Bryant has offered no grounds to find these rulings unreasonable. *See Busby*, 781 F.2d at 1477 ("Habeas relief is not appropriate, however, unless the petitioner can show that she was prejudiced by [the prosecutor calling a witness knowing he will assert his right to remain silent]"). Put simply, the Alabama courts' decision was not contrary to, nor an unreasonable application of, *Namet/Douglas* or any other controlling Supreme Court precedent, nor was it based on an unreasonable determination of fact. This provides an additional reason to dismiss Bryant's claim.

## II.  *Certificate of Appealability.*

If the District Judge adopts this report and recommendation and dismisses Bryant's final habeas claim, the District Judge must also issue or deny Bryant a certificate of appealability (COA) as required by Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. *See also* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court.")

When deciding whether to issue a COA, the district court applies different standards depending on whether a habeas claim was dismissed on the merits or on procedural grounds. Where a habeas claim was rejected on the merits, a COA should only issue where the petitioner "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). Where habeas relief is denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added). While "a COA does not require a showing that the appeal will succeed[,]" a prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 337-38 (internal quotation marks omitted).

Considering this legal standard, and for the substantive reasons outlined in this report and recommendation, the undersigned finds that it is beyond debate that Bryant was not denied a constitutional right or that Bryant's claim was properly dismissed on procedural grounds. As such, the undersigned **RECOMMENDS** that

Bryant be **DENIED** a Certificate of Appealability in conjunction with the dismissal of the present habeas claim.[56]

### III.    *Appeal In Forma Pauperis.*

Should Bryant decide to appeal this Court's disposition of his habeas claim, and should he desire to do so in forma pauperis (IFP), this Court would have to decide whether Bryant's appeal is taken "in good faith" as required by 28 U.S.C. § 1915(a)(3). Fed. R. App. P. 24(a)(1) (requiring a party seeking leave to appeal IFP to file a motion in the district court). In order to find that Bryant's appeal satisfies this statutory "good faith" requirement, this Court would have to find that "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). Said differently, Bryant would have to show that appellate review of his claim is not frivolous when examined under an objective standard. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

---

[5]    Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g., Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), report & recommendation adopted, 2011 WL 1930662 (S.D. Ala. May 19, 2011).

[6]    Should this Court deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

Considering this legal standard, and for the substantive reasons outlined in this report and recommendation, the undersigned finds that any further appeal from Bryant would lack arguable merit in law or fact. Accordingly, the undersigned **RECOMMENDS** the Court certify that any further appeal by Bryant in this action would not be taken in good faith, thus denying him entitlement to appeal in forma pauperis.[7]

### IV. *Conclusion.*

As set out above, the undersigned RECOMMENDS that Bryant's remaining claim for relief be DISMISSED with prejudice without an evidentiary hearing; that the Court find Bryant is not entitled to a Certificate of Appealability or to proceed *in forma pauperis* on appeal; and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.

### <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. Gen LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations

---

[7]    Should the Court adopt this recommendation and deny leave to appeal IFP, Bryant could still file a motion to proceed on appeal IFP with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 14th day of  November 2023.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**