IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FRED LEE BRYANT, <br> AIS # 00226616 <br><br> Petitioner, <br><br> vs. <br><br> JOSEPH HEADLEY, Warden III, Staton Correctional Facility, *et al*. <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIV. ACT. NO. 1:18-cv-363-TFM-N <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION AND ORDER**

On November 14, 2023, the Magistrate Judge issued a Report and Recommendation which addresses the single issue remanded from the Eleventh Circuit. *See* Doc. 45. Specifically, whether Petitioner is entitled to federal habeas relief because the state trial court required two witnesses to invoke their Fifth Amendment privilege in the jury's presence. The Magistrate Judge recommends the remaining claim for relief be dismissed with prejudice without an evidentiary hearing. *Id*. Further, the Magistrate Judge recommends the denial of a certificate of appealability and ability to proceed *in forma pauperis*. *Id*. Petitioner timely filed his objections. *See* Doc. 48. No response to objections was filed by the Respondent. As such, the matter is ripe for review.

The Court reviewed the objections which largely consisted of excerpts from the record (already reviewed by the Magistrate Judge and now the undersigned) and merely repeats the same general arguments about the issue. Further, doing a block citation from a dissent by an Alabama Supreme Court Justice does not change the analysis. Doc. 48 (citing *Ex parte Bryant*, 200 So. 3d 11 (Ala. 2016). The fact it was a <u>dissenting</u> opinion filed by a single justice instead proves it was not the majority and therefore binding opinion of the Alabama Supreme Court. The Court, in this

habeas review, is bound by the findings and conclusions of the majority opinion which denied the writ of certiorari. Nothing in the Petitioner's objections changes the well-reasoned analysis of the Magistrate Judge's report and recommendation. A petition for federal habeas under 28 U.S.C. § 2254 is not an unlimited open opportunity to review, but instead is a confined reviewed permissible under limited circumstances. In the case here the question is <u>not</u> "whether the trial court erred by requiring witnesses to invoke the Fifth Amendment privilege in the presence of the jury." Doc. 38 at 1. Rather, the role here is severely confined under 28 U.S.C § 2254 and limited to (1) whether the state court committed an error that gave rise to a <u>federal</u> constitutional claim, (2) whether Petitioner fairly presented that federal claim to the Alabama courts based on that erroneous evidentiary ruling, and (3) whether the Alabama courts adjudicated that federal claim in a way that was contrary to established federal law or constituted an unreasonable determination of fact. Petitioner attempts to ignore those stringent requirements and attempts to have the Court view the case through the lens of a direct appeal or even a state habeas review. Unfortunately, that is not the Court's role. Therefore, Petitioner's objections are **OVERRULED**.

Therefore, after due and proper consideration of the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court. Accordingly, it is **ORDERED** that Petitioner is due no relief on his remaining claim under 28 U.S.C. § 2254 and it is **DISMISSED with prejudice**.

### Certificate of Appealability[1]

Under the AEDPA, before a petitioner may appeal the denial of a habeas corpus petition

---

[1] The Court is required to issue or deny a COA when it enters a final Order that is adverse to a federal habeas petitioner. *Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts*.

filed under 28 U.S.C. § 2254, the petitioner must obtain a Certificate of Appealability ("COA"). *Miller-El v. Johnson*, 537 U. S. 322, 335-36 (2003); 28 U.S.C. §2253(c)(2). A COA is granted or denied on an issue-by-issue basis. *Jones v. Sec'y, Fla. Dep't of Corr.*, 607 F.3d 1346, 1354 (11th Cir. 2010) (no court may issue a COA unless the applicant has made a substantial showing of the denial of a constitutional right and the COA itself "shall indicate which specific issue or issues satisfy" that standard), *cert. denied*, 562 U. S. 1012 (2010); 28 U.S.C. §2253(c)(3).

A COA will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right. *Tennard v. Dretke*, 542 U. S. 274, 282 (2004); *Miller-El v. Johnson*, 537 U. S. at 336; *Slack v. McDaniel*, 529 U. S. 473, 483 (2000); *Barefoot v. Estelle*, 463 U. S. 880, 893 (1983). To make such a showing, the petitioner need *not* show he will prevail on the merits but, rather, must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Tennard v. Dretke*, 542 U. S. at 282; *Miller-El v. Johnson*, 537 U. S. at 336.

The showing necessary to obtain a COA on a particular claim is dependent upon the manner in which the District Court has disposed of a claim. "[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Johnson*, 537 U. S. at 338 (quoting *Slack v. McDaniel*, 529 U. S. at 484). In a case in which the petitioner wishes to challenge on appeal this court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, untimely filing, or lack of exhaustion, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* whether this court was correct in its procedural ruling. *See Slack v.*

*McDaniel*, 529 U. S. at 484 (when a district court denies a habeas claim on procedural grounds, without reaching the underlying constitutional claim, a COA may issue only when the petitioner shows that reasonable jurists would find it debatable whether the claim is a valid assertion of the denial of a constitutional right and whether the district court's procedural ruling was correct).

In the present action, the Court concludes that reasonable minds could not disagree with this Court's conclusions on this single remaining issue on remand. For these reasons, Bryant is not entitled to a COA.

## Appeal *In Forma Pauperis*

28 U.S.C. § 1915(a) provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In making this determination as to good faith, a court must use an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962), or "has no substantive merit." *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 15, 1981) (per curiam);[2] *see also Rudolph v. Allen*, 666 F.2d 519, 520 (11th Cir. 1982) (per curiam); *Morris v. Ross*, 663 F.2d 1032 (11th Cir. 1981). Stated differently:

> This circuit has defined a frivolous appeal under section 1915(d) as being one "'without arguable merit.'" *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir.1976)). "'Arguable means capable of being convincingly argued.'" *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (quoting *Menendez*, 817 F.2d at 740 n.5); *see Clark*, 915 F.2d at 639 ("A lawsuit [under section 1915(d)] is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.'" (quoting *Moreland*, 899 F.2d at 1170)).

*Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991); *see also Weeks v. Jones*, 100 F.3d 124, 127

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to the close of business on September 30, 1981.

(11th Cir. 1996) (stating that "[f]actual allegations are frivolous for purpose of [28 U.S.C.] § 1915(d) when they are 'clearly baseless;' legal theories are frivolous when they are 'indisputably meritless.'") (citations omitted).

Based on the above, the Court certifies that any appeal would be without merit and not taken in good faith. Therefore, Bryant is not entitled to proceed *in forma pauperis* on appeal. However, nothing in this order prevents the Petitioner from filing a request directly with the Eleventh Circuit Court of Appeals.

Final judgment shall issue separately in accordance with this order and Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this the 24th day of April 2024.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE